1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10

11  MICHAEL DARNELL                ) Case No. CV 09-3074-GHK (OP)
    THOMAS,                        )
12                                 )
                   Plaintiff,      ) MEMORANDUM AND ORDER
13            v.                   ) DISMISSING FIRST AMENDED
                                   ) COMPLAINT WITH LEAVE TO
14  JAMES H. SMITH, III, et al.,   ) AMEND
                                   )
15                 Defendants.     )
                                   )
16  _____ )

17                              **I.**

18                        **PROCEEDINGS**

19        On or about February 16, 2007, Michael Darnell Thomas ("Plaintiff"), was

20  arrested for a cocaine-related crime.  On November 1, 2007, the United States

21  Attorney's Office filed a criminal indictment charging Plaintiff with two criminal

22  counts:  Count 1, conspiracy to distribute cocaine and marijuana (21 U.S.C. §§

23  846, 841(a)(1), 841(b)(1)(B) and 841(b)(1)(D)); and Count 3, knowingly and

24  intentionally possessing with the intent to distribute a mixture or substance

25  containing a detectable amount of cocaine (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)).

26  (CR 07-1213-MMM ECF No. 1.)

27        On September 3, 2008, Plaintiff entered into a plea agreement with the

28  United States.  (Id. ECF No. 222.)  On November 17, 2008, Plaintiff entered a

                                  1

guilty plea to Count 1 of the Indictment pursuant to the plea agreement.[1]  (Id. ECF No. 234.)  As part of the plea agreement, Plaintiff gave up his right to pursue any Fourth or Fifth Amendment claims and any other pretrial motions that were or could have been filed.  (Id. at 5, 6.)

On or about March 23, 2009, the Court granted Plaintiff's request for new counsel, and appointed Dale Rubin to replace Errol Stambler.  (Id. ECF No. 277.) The Court also vacated the sentencing hearing and instructed Plaintiff to advise the Court how he wished to proceed.  (Id.)

Meanwhile, on May 1, 2009, Plaintiff filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) ("Complaint"), after having paid the requisite filing fee.  (ECF No. 1.)  In the Complaint, Plaintiff named as Defendants Federal Bureau of Investigation ("FBI") Special Agent James Smith, III, Plaintiff's former criminal attorney Errol Stambler, and Sprint Telecommunications.  Plaintiff sought damages.  (CV 09-3074 ECF No. 1.)

Although service of the Complaint was never authorized or ordered, on May 25, 2009, Defendant Stambler filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Id. ECF No. 7.)  On June 18, 2009, Plaintiff filed an Opposition to the Motion to Dismiss.  (Id. ECF No. 12.)

On August 17, 2010, the Court stayed the current action, including Defendant Stambler's Motion to Dismiss, pending resolution of Plaintiff's criminal case.  The parties were ordered to inform the Court within seven days of

---

[1]  An amended plea agreement was filed on November 22, 2008.  The amended plea agreement merely deleted the name of co-defendant, Krystale Alwanda Harris, which appeared on page 4 of the original agreement.  The substantive terms of the agreement remained unchanged.  (Id. ECF No. 237.)

the entry of a judgment of conviction or the entry of an order dismissing the pending criminal charges against Plaintiff.  (Id. ECF No. 45.)

The Court's independent review of its computerized case management system, CM/ECF, revealed that on September 10, 2012, Plaintiff was sentenced on Count 1 of the Indictment to the custody of the Bureau of Prisons for a term of ninety-two months.  (CR 07-1213 ECF No. 550.)

On September 17, 2012, Plaintiff filed a Motion for Leave to File a First Amended Complaint ("FAC"), along with a proposed FAC.[2]  (CV 09-3074 ECF No. 47.)

On October 24, 2012, the Court lifted the stay of the current proceedings in light of Plaintiff's sentencing in the criminal case, granted Plaintiff's Motion for Leave to file the FAC, ordered the filing of the FAC as the operative pleading, and denied Defendant Stambler's Motion to Dismiss as moot.  (ECF Nos. 48, 49.)

For the reasons set forth below, the Court dismisses the FAC with leave to amend.

/ / /

/ / /

/ / /

---

[2]   In his Motion for Leave, Plaintiff also attached a document entitled "Motion to Dismiss Complaint Against Defendant Errol Stambler," along with a supporting declaration.  (ECF No. 47.)  The Court construed the pleading as a request to voluntarily dismiss Defendant Stambler from this action.
    Rule 41 of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1).  While Defendant Stambler did not file an Answer or a Motion for Summary Judgment, he did have pending a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6).  As a result, dismissal of the Complaint without prejudice as to Defendant Stambler was also warranted.  Fed. R. Civ. P. 41(a)(1).

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arise out of the investigation that resulted in his federal criminal prosecution in this District, case number CR 07-1213-MMM.  In the FAC, Plaintiff alleges constitutional violations of the First and Fourteenth Amendments, and statutory violations of the Stored Communications Act (18 U.S.C. §§ 2701-2711) and the Pen Register Statute (18 U.S.C. § 3121), against Defendants Smith and Sprint PCS based on the telephonic surveillance conducted on his telephone on February 14-16, 2007.  (FAC at 5.)  Plaintiff alleges that the disclosure of the results of the telephonic surveillance revealed his whereabouts during the two day time period which in turn led to his wife's discovery of an extra-marital affair he was having.  The discovery of the affair resulted in his divorce.  As a result, Plaintiff alleges that the disclosure of the information violated his "right of association and right to intimate relationships."  (Id. at 4-6.)

## III.

## STANDARD OF REVIEW

A.  **Legal Standard.**

Complaints such as Plaintiff's are subject to the court's sua sponte review under provisions of the Prison Litigation Reform Act of 1995 ("PLRA").  See 28 U.S.C. § 1915A(a).  The court shall dismiss such a complaint, at any time, if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc); 28 U.S.C. § 1915A(b) (prisoner complaints against government defendants).[3]

_____

[3]  Initial screening of complaints is covered by overlapping provisions of the
(continued...)

PLRA review for failure to state a claim applies the same standard applied in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  A Rule 12(b)(6) motion tests the formal sufficiency of a statement of claim for relief.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  A plaintiff's allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Since Plaintiff is appearing pro se, the Court must construe the allegations of the

---

[3](...continued)
PLRA.  Lopez, 203 F.3d at 1126-27 & n.7.  Screening of complaints by plaintiffs (prisoner or non-prisoner) who seek to proceed in forma pauperis is governed by 28 U.S.C. § 1915(e)(2).  Lopez, 203 F.3d at 1126-27 & n.7; Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (§ 1915 applies to all applicants for in forma pauperis status, prisoner or non-prisoner).  Under 28 U.S.C. § 1915A, courts are directed to review, as soon as practicable, "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, § 1915A screening applies to prisoner complaints even if the filing fee has been paid in full.  See, e.g., Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (§ 1915 governs proceedings in forma pauperis and § 1915A applies to civil complaints by prisoners against governmental defendants regardless of whether the prisoner has paid a filing fee); Muhammad v. Ortiz, No. F 04-5534-AWI-WMW-P, 2006 WL 845640, at *11 & n.2 (E.D. Cal. March 30, 2006) (§ 1915A screening applies even if prisoner plaintiff paid full filing fee); Hernandez v. Terhune, No. C 00-0848-WHA(PR), 2000 WL 1847645, at *1 (N.D. Cal. Dec.12, 2000) (Second, Fifth, Sixth, Seventh, and Tenth Circuits have all found that § 1915A applied "even if the prisoner is not proceeding in forma pauperis" ).  A third provision governs screening of prisoner complaints about prison conditions not restricted to in forma pauperis actions.  See 42 U.S.C. § 1997e(c); Lopez, 203 F.3d at 1126 n.7.

complaint liberally and must afford Plaintiff the benefit of any doubt.  See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

Under Rule 8(a)(2) of the Federal Rule of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court has explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009).

With respect to a plaintiff's pleading burden, the Supreme Court held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl., 550 U.S. at 553-56 (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."); see also Iqbal, 129 S. Ct. at 1949; Erickson, 551 U.S. at 93; Moss, 572 F.3d at 968.

In order to comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

1    misconduct alleged." Id. (citing Bell Atl., 550 U.S. at 556).  This plausibility

2    standard is not a probability requirement, but does ask for more than mere

3    possibility; if a complaint pleads facts "merely consistent with" a theory of

4    liability, it falls short of "the line between possibility and plausibility." Id.

5    (quoting Bell Atl., 550 U.S. at 557).

6         The Supreme Court has set out a two-pronged approach for reviewing a

7    possible failure to state a claim. Id. at 1949-50; see also Moss, 572 F.3d at 969-

8    70.  First, the reviewing court may identify those statements in a complaint that are

9    actually conclusions, even if presented as factual allegations. Id.  Such conclusory

10   statements (unlike proper factual allegations) are not entitled to a presumption of

11   truth. Id.  In this context it is the conclusory nature of the statements (rather than

12   any fanciful or nonsensical nature) "that disentitles them to the presumption of

13   truth." Id. at 1951.  Second, the reviewing court presumes the truth of any

14   remaining "well-pleaded factual allegations," and determines whether these factual

15   allegations and reasonable inferences from them plausibly support a claim for

16   relief. Id. at 1950; see also Moss, 572 F.3d at 969-70.

17        The Court is not concerned at this stage with "whether a plaintiff will

18   ultimately prevail" but with whether he is entitled to offer evidence to support his

19   claims. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 960 (9th Cir.

20   2009) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d

21   90 (1974)).  However, a complaint consisting of unintelligible, narrative ramblings

22   fails to state a claim for relief. See McHenry v. Renne, 84 F.3d 1172, 1176-79

23   (9th Cir. 1996); see also Awala v. Roberts, No. 07-0179 JSW (PR), 2007 WL

24   174404, at *1 (N.D. Cal. Jan. 22, 2007); Fed. R. Civ. P. 8(a)(1), (2), (d)(1).

25   Although the scope of review generally is limited to the contents of the complaint,

26   the Court may also consider exhibits submitted with the complaint, Hal Roach

27   Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir.

28   1990), and "take judicial notice of matters of public record outside the pleadings,"

7

1  Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).  Exhibits that

2  contradict the allegations of a complaint may fatally undermine those allegations.

3  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by

4  275 F.3d 1187 (2001) (a plaintiff can "plead himself out of a claim by including . .

5  . details contrary to his claims.").

6  **B.   Leave to Amend.**

7        If the Court finds that a complaint should be dismissed for failure to state a

8  claim, the court may dismiss with or without leave to amend.  Lopez, 203 F.3d at

9  1126-30.  Leave to amend should be granted if it appears that defects can be

10  corrected, especially if the plaintiff is pro se.  Id. at 1130-31; see also Cato v.

11  United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  If, however, after careful

12  consideration, it is clear that a complaint cannot be cured by amendment, the Court

13  may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11.

14                                             **IV.**

15                                      **DISCUSSION**

16  **A.   The Complaint Is Subject to Dismissal for Failure to State Claims**

17        **Under the First and Fourteenth Amendment.**

18        In the FAC, Plaintiff alleges constitutional violations of the First and

19  Fourteenth Amendments.  He alleges that the disclosure of the private information

20  obtained from the telephonic surveillance revealed his whereabouts, which in turn

21  led to his wife's discovery of an extra-marital affair he was having.  The discovery

22  of the affair resulted in his divorce.  Thus, Plaintiff alleges that his "right of

23  association and right to intimate relationships" were violated.  (FAC at 4-6.)

24        **1.    First Amendment Associational Rights.**

25        The Supreme Court has recognized two types of free association rights: the

26  right to associate for the purposes of engaging in certain activities, i.e. speech,

27  assembly, petition for the redress of grievances, and the exercise of religion, and

28  the right to enter into and maintain certain intimate relationships.  Roberts v.

1   United States Jaycees, 468 U.S. 609, 617-18, 104 S. Ct. 3244, 82 L. Ed. 2d 462

2   (1984); IDK, Inc. v. Cnty. of Clark, 836 F.2d 1185, 1192 (9th Cir. 1988); Ovando

3   v. City of Los Angeles, 92 F. Supp. 2d 1011, 1017 (C.D. Cal. 2000).  The former

4   is protected by the First Amendment, and the latter is protected as a personal

5   liberty under the Fourteenth Amendment.  IDK, 836 F.2d at 1191-92.

6          Here, Plaintiff does not allege the interference of his right to associate for

7   the purposes of engaging in the activities set forth in the First Amendment; i.e.

8   speaking, worshiping, and petitioning the government.  Thus, the Court finds that

9   the FAC is subject to dismissal for failure to state a First Amendment claim.

10         **2.      Fourteenth Amendment Associational Rights.**

11         The relationships protected by the Fourteenth Amendment "are those that

12   attend the creation and sustenance of a family" and similar "highly personal

13   relationships."  IDK, 836 F.2d at 1193 (quoting Roberts, 468 U.S. at 618-19); see

14   also United States v. Child, No. 11-30241, 2012 WL 5200347, at *8 (9th Cir. Oct.

15   23, 2012) (an individual's romantic relationship with a life partner is a relationship

16   that implicates a particularly significant liberty interest in intimate association)

17   (citing United States v. Napulou, 593 F.3d 1041, 1047 (9th Cir. 2010)).  The

18   individuals are deeply attached and committed to each other as a result of their

19   having shared each other's thoughts, beliefs, and experiences.  By the very nature

20   of such relationships, one is involved in a relatively few intimate associations

21   during his or her lifetime.  Id. (citing Roberts, 486 U.S. at 620).  The factors

22   relevant in determining whether a particular association can claim the protection

23   of the due process clause are the group's size, its congeniality, its duration, the

24   purposes for which it was formed, and the selectivity in choosing participants.  Id.

25   The right to intimate association is only infringed by conduct that "directly and

26   substantially" interferes with those relationships.  See Parks v. City of Warner

27   Robins, Ga., 43 F.3d 609, 616 (11th Cir. 1995).

28

1   Here, Plaintiff alleges that the disclosure of the telephonic surveillance
2   information during his criminal prosecution revealed his whereabouts during a
3   very limited time period, February 14-16, 2007.  This disclosure in turn led to the
4   discovery by his wife of an extra-marital affair he was having and led to his
5   divorce.  (FAC at 4-6.)  However, Plaintiff does not allege that he and his mistress
6   were involved in procreation, raising and educating children, cohabitation with
7   relatives, or the other activities of family life.  Nor does he allege that he and his
8   mistress were life partners.  In fact, his allegations establish that his relationship
9   with his mistress was clearly "adulterous."  This is not the type of "highly personal
10  relationship" that was meant to fall within the purview of the Fourteenth
11  Amendment.  See Beecham v. Henderson Cnty., 422 F.3d 372, 375-376 (6th Cir.
12  2005) (finding an adulterous intimate relationship does not fall within the purview
13  of constitutional protection) (citing Marcum v. McWhorter, 308 F.3d 635, 643
14  (6th Cir. 2002)).  Further, the alleged disclosure of personal information was the
15  mere disclosure of his location during a two day period.  The information did not
16  disclose the existence of Plaintiff's extra-marital affair, and in no way can be said
17  to have interfered "directly and substantially" with that relationship.  Thus, the
18  Court finds that the FAC is subject to dismissal for failure to state a Fourteenth
19  Amendment claim.

20        **3.    Stored Communications Act.**

21        In the FAC, Plaintiff also alleges a statutory violation of the Stored
22  Communications Act ("SCA"), 18 U.S.C. §§ 2701-2711.  (FAC at 5.)

23        Enacted in 1986, the SCA creates criminal and civil liability for certain
24  unauthorized access to stored communications and records.  See Konop v. Haw.
25  Airlines, Inc., 302 F.3d 868, 874 (9th Cir. 2002).  The SCA was enacted because
26  the advent of the Internet presented a host of potential privacy breaches that the
27  Fourth Amendment does not address.  Quon v. Arch Wireless Operating Co., Inc.,
28  529 F.3d 892, 900 (9th Cir.2008), rev'd on other grounds by City of Ontario v.

10

1  Quon, --- U.S ---, 130 S. Ct. 2619, 177 L. Ed. 2d 216 (2010).  Despite this
2  purpose, the SCA has a narrow scope: "[t]he SCA is not a catch-all statute
3  designed to protect the privacy of stored Internet communications;" instead "there
4  are many problems of Internet privacy that the SCA does not address."  Orin S.
5  Kerr, A USER'S GUIDE TO THE STORED COMMUNICATIONS ACT, AND A
6  LEGISLATOR'S GUIDE TO AMENDING IT, 72 Geo. Wash. L. Rev. 1208, 1214
7  (2004).

8      Generally, the SCA prohibits providers from (1) "knowingly divulg[ing] to
9  any person or entity the contents of a communication."  18 U.S.C. § 2702(a)
10  (1)-(2); see id. § 2707 (creating a private right of action); see also Quon, 529 F.3d
11  at 900 ("[T]he SCA prevents 'providers' of communication services from
12  divulging private communications to certain entities and/or individuals.").  The
13  SCA creates liability for only two types of entities: (1) "remote computing
14  services", and (2) "electronic communication services".  18 U.S.C §
15  2702(a)(1)-(2); Quon, 529 F.3d at 901.  The SCA further provides a complete
16  defense when information is provided under certain circumstances.  Specifically,
17  18 U.S.C. § 2703 provides in pertinent part that:  "[n]o cause of action shall lie in
18  any court against any provider of wire or electronic communication service, its
19  officers, employees, agents, or other specified persons for providing information,
20  facilities, or assistance in accordance with the terms of a court order, warrant,
21  subpoena, statutory authorization, or certification under this chapter."  18 U.S.C. §
22  2703(e).

23      Since, Defendant Smith not the provider of "remote computing services" or
24  "electronic communication services," there can be no liability against him under
25  the SCA.  Further, given that the disclosure of the information by Defendant
26  Sprint PCS was presumably "in accordance with the terms of a court order,
27  warrant, subpoena, or statutory authorization" issued in relation to his criminal
28  case, § 2703(e) would provide Defendant Sprint PCS with a complete defense.

11

1  Thus, the Court finds that the FAC is subject to dismissal for failure to state a
2  claim for a violation of the SCA.

3      **4.    Pen Register Act.**

4      In the FAC, Plaintiff also alleges a violation of the Pen Register Statute, 18

5  U.S.C. § 3121.  (FAC at 5.)

6      Under 18 U.S.C. § 3121, "no person may install or use a pen register or a

7  trap and trace device without first obtaining a court order under section 3123 of

8  this title or under the Foreign Intelligence Surveillance Act of 1978."  This

9  statutory provision itself does not contain a civil liability provision.  Thus, the

10 Court finds that the FAC is subject to dismissal for failure to state a claim for a

11 violation of 18 U.S.C. § 3121.

**V.**

**ORDER**

14     Based on the foregoing, the Court dismisses the First Amended Complaint

15 with leave to amend.  Cato, 70 F.3d at 1105-06.  While it is highly doubtful that

16 Plaintiff will be able to cure the deficiencies discussed above, the Court will

17 nevertheless allow him the opportunity to do so.

18     If Plaintiff still wishes to pursue this action, he shall have thirty (30) days

19 from the date of this Order within which to file a Second Amended Complaint

20 ("SAC"), attempting to cure the defects in the Complaint.  The SAC shall be

21 complete in itself and must remedy the deficiencies discussed.  Plaintiff may not

22 use "et al." in the caption but must name each defendant against whom claims are

23 stated.  Furthermore, Plaintiff must use the blank Central District Civil Rights

24 Complaint form accompanying this order, must sign and date the form, must

25 completely and accurately fill out the form, and must use the space provided in the

26 form to set forth all of the claims that he wishes to assert in his SAC.  The SAC

27 shall not refer to the original Complaint or the FAC.

28 / / /

1    Failure to comply with these requirements may result in the dismissal of this
2    action for failure to prosecute and/or failure to comply with a court order.  Failure
3    to remedy the deficiencies discussed may also result in a recommendation that the
4    action be dismissed.
5    The Clerk is directed to provide Plaintiff with a blank Central District civil
6    rights complaint form.

7
8    **IT IS SO ORDERED.**
9
DATED: October 25, 2012
10                                    HONORABLE OSWALD PARADA
                                      United States Magistrate Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| | _____ |
| | *To be supplied by the Clerk* |
| PLAINTIFF, | |
| v. | **CIVIL RIGHTS COMPLAINT** |
| | **PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 |
| | ☐ *Bivens v. Six Unknown Agents* 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____

(print plaintiff's name)

who presently resides at _____,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____

(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
　　　　　　　　　　　　　(Claim I)　　　　　　　　(Claim II)　　　　　　　　(Claim III)

**NOTE**:　　You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.　Defendant _____ resides or works at
　　　　　　　(full name of first defendant)

　　　　　　_____
　　　　　　(full address of first defendant)

　　　　　　_____
　　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____
　　_____

2.　Defendant _____ resides or works at
　　　　　　　(full name of first defendant)

　　　　　　_____
　　　　　　(full address of first defendant)

　　　　　　_____
　　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____
　　_____

3.　Defendant _____ resides or works at
　　　　　　　(full name of first defendant)

　　　　　　_____
　　　　　　(full address of first defendant)

　　　　　　_____
　　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____
　　_____

4.   Defendant _____ resides or works at
     <sub>(full name of first defendant)</sub>

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

5.   Defendant _____ resides or works at
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

**D.  CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without

citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline._

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____          _____
       *(Date)*                                        *(Signature of Plaintiff)*