O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DARNELL THOMAS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>JAMES H. SMITH, III, et al.,<br><br>　　　　　Defendants. | Case No. CV 09-03074-GHK (OP)<br><br>ORDER RE: DISMISSAL OF CIVIL RIGHTS ACTION FOR FAILURE TO PROSECUTE |

**I.**

**PROCEEDINGS**

　　On or about February 16, 2007, Michael Darnell Thomas ("Plaintiff"), was arrested for a cocaine-related crime. On November 1, 2007, the United States Attorney's Office filed a criminal indictment charging Plaintiff with two criminal counts: Count 1, conspiracy to distribute cocaine and marijuana (21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B) and 841(b)(1)(D)); and Count 3, knowingly and intentionally possessing with the intent to distribute a mixture or substance containing a detectable amount of cocaine (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)). (CR 07-1213-MMM ECF No. 1.)

　　On September 3, 2008, Plaintiff entered into a plea agreement with the United States. (Id. ECF No. 222.) On November 17, 2008, Plaintiff entered a

guilty plea to Count 1 of the Indictment pursuant to the plea agreement.[1] (Id. ECF No. 234.) As part of the plea agreement, Plaintiff gave up his right to pursue any Fourth or Fifth Amendment claims and any other pretrial motions that were or could have been filed. (Id. at 5, 6.)

On or about March 23, 2009, the Court granted Plaintiff's request for new counsel, and appointed Dale Rubin to replace Errol Stambler. (Id. ECF No. 277.) The Court also vacated the sentencing hearing and instructed Plaintiff to advise the Court how he wished to proceed. (Id.)

Meanwhile, on May 1, 2009, Plaintiff filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) ("Complaint"), after having paid the requisite filing fee. (ECF No. 1.) In the Complaint, Plaintiff named as Defendants Federal Bureau of Investigation ("FBI") Special Agent James Smith, III, Plaintiff's former criminal defense attorney Errol Stambler, and Sprint Telecommunications. Plaintiff sought damages. (CV 09-3074 ECF No. 1.)

Although service of the Complaint was never authorized or ordered, on May 25, 2009, Defendant Stambler filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id. ECF No. 7.) On June 18, 2009, Plaintiff filed an Opposition to the Motion to Dismiss. (Id. ECF No. 12.)

On August 17, 2010, the Court stayed the current action, including Defendant Stambler's Motion to Dismiss, pending resolution of Plaintiff's criminal case. The parties were ordered to inform the Court within seven days of the entry of a judgment of conviction or the entry of an order dismissing the

---

[1] An amended plea agreement was filed on November 22, 2008, deleting the name of co-defendant, Krystale Alwanda Harris. The substantive terms of the agreement remained unchanged. (Id. ECF No. 237.)

pending criminal charges against Plaintiff.  (Id. ECF No. 45.)

The Court's independent review of its computerized case management system, CM/ECF, revealed that on September 10, 2012, Plaintiff was sentenced on Count 1 of the Indictment to the custody of the Bureau of Prisons for a term of ninety-two months.  (CR 07-1213 ECF No. 550.)

On September 17, 2012, Plaintiff filed a Motion for Leave to File a First Amended Complaint ("FAC"), along with a proposed FAC.  (CV 09-3074 ECF No. 47.)

On October 24, 2012, the Court lifted the stay of the current proceedings in light of Plaintiff's sentencing in the criminal case, granted Plaintiff's Motion for Leave to file the FAC, ordered the filing of the FAC as the operative pleading, and denied Defendant Stambler's Motion to Dismiss as moot.  (ECF Nos. 48, 49.)  On October 25, 2012, the Court issued a Memorandum and Order Dismissing the FAC with Leave to Amend, allowing Plaintiff thirty days to file a Second Amended Complaint ("SAC").  (ECF No. 50.)  Plaintiff was admonished that his "[f]ailure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order.  Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed."  (Id. at 13.)

On January 15, 2013, after Plaintiff failed to file a SAC, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to prosecute.  Plaintiff was admonished that his "failure to file the SAC or failure to otherwise respond to the OSC by February 15, 2013, shall result in the Court recommending that this action be dismissed without prejudice for failure to prosecute."  (ECF No. 51.)

On January 28, 2013, Plaintiff filed a change of address indicating that he had been transferred from Los Angeles to the Federal Correctional Institution ("FCI") at Herlong, California.  (ECF No. 52.)

On February 4, 2013, Plaintiff filed a Motion for Reconsideration of the dismissal of the FAC with leave to amend. (ECF No. 53.) On February 12, 2013, the Court denied the Motion for Reconsideration and again ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. The Court admonished Plaintiff that his "failure to file the SAC or failure to otherwise respond to this OSC by March 15, 2013, shall result in the Court recommending that this action be dismissed without prejudice for failure to prosecute." (ECF No. 54 at 4.) To date, Plaintiff has not filed the SAC, has not requested an extension of time to do so, and has not otherwise communicated with the Court.

For the reasons set forth below, the Court dismisses this action without prejudice for failure to prosecute.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

The Ninth Circuit has cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (citation omitted).

1	Here, Plaintiff has failed to file the SAC despite being advised that his
2	failure to do so could lead to the dismissal of the action for failure to prosecute.
3	Plaintiff's conduct hinders the Court's ability to move this case toward disposition
4	and indicates that Plaintiff does not intend to litigate this action diligently.  Thus,
5	the first two factors weigh in favor of dismissal.
6	Next, a rebuttable presumption of prejudice to defendants arises when a
7	plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d
8	1447, 1452-53 (9th Cir. 1994).  Nothing suggests that such a presumption is
9	unwarranted here.  Thus, the third factor also weighs in favor of dismissal.
10	It is a plaintiff's responsibility to move a case toward a disposition at a
11	reasonable pace and to avoid dilatory and evasive tactics.  Morris v. Morgan
12	Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  By failing to file the SAC,
13	Plaintiff has not discharged this responsibility.  In these circumstances, the public
14	policy favoring resolution of disputes on the merits does not outweigh Plaintiff's
15	failure to comply with the Court's order.  Thus, the fourth factor weighs in favor
16	of dismissal.
17	Finally, the Court attempted to avoid dismissal by allowing Plaintiff
18	additional time to file the SAC and by advising him that his failure to do so could
19	lead to the dismissal of the action for failure to prosecute.  Plaintiff has not filed
20	the SAC, has not requested an extension of time to do so, and has not otherwise
21	communicated with the Court.  Thus, the fifth factor weighs in favor of dismissal.
22	Based on the foregoing, the Court concludes that dismissal of this action
23	without prejudice for failure to prosecute is warranted.
24	/ / /
25	/ / /
26	/ / /
27	/ / /
28	/ / /

## III.
## **ORDER**

IT IS THEREFORE ORDERED that this action is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: 4/22/13

HONORABLE GEORGE H. KING
Chief United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge